No. 26,440.

Minnie E. Zeigler, *Appellant*, v. The Kansas Life Insurance Company, *Appellee*.

OPINION DENYING A REHEARING.

Appeal from Shawnee district court, division No. 2; Otis E. Hungate, judge *pro tem*.  Opinion denying a rehearing filed March 25, 1926.  (For original opinion of affirmance see *ante*, p. 252.)

*Eugene S. Quinton* and *John C. Waters*, both of Topeka, for the appellant.

*Robert Stone, George T. McDermott, Robert L. Webb* and *Beryl R. Johnson*, all of Topeka, for the appellee.

The opinion of the court was delivered by

Mason, J.:  In a motion for a rehearing the plaintiff makes the contention that the contract clause of the federal constitution (art. 1, § 10) prevents the giving effect in this case to the language of the act of March 24, 1923, relating to the validation of existing life insurance policies covering accident and health.

Constitutional Law, 12 C. J. p. 1060 n. 43.  Life Insurance, 37 C. J. p. 480 n. 18.

The paragraph of the statute relating to the joining of other risks with life insurance, from which quotation is made in the original opinion, reads in full as follows:

"No life insurance company organized or incorporated by or under the laws of this state or of any other state of the United States, or of any foreign government, transacting the business of life insurance in this state, shall be permitted or allowed to take any other kind of risks, except those connected with or appertaining to making assurance on life, and the granting, purchasing and disposing of annuities and endowments: *Provided,* That such companies may incorporate in their policies or insurance provisions for the waiver of premiums, or for the granting of an annuity to the insured, or for special surrender values or other benefits, in the event that the insured, or either of them, thereunder shall from any cause become totally and permanently disabled, and any such company may provide for the payment of a larger sum if death is caused by accident than if it results from other causes. Any stock life insurance company having a capital of not less than one hundred thousand dollars, and any mutual life insurance company may make insurance on the health of individuals, and against accidental personal injury, disablement or death, and against loss, liability or expense on account thereof; but such stock or mutual life insurance company so transacting such health and accident insurance business, or either kind, shall maintain adequate and separate reserves for such business, shall issue such contracts only in separate policies, shall pay separate admission and renewal fees and taxes, and shall make separate reports to the superintendent of insurance of the premiums received and expenses and losses incurred in connection with such business." (Laws 1920, ch. 44, § 1.)

The policy here involved undertook for a lump sum unapportioned annual premium of $90.60 to afford $3,000 life insurance and to grant to the insured an annuity of $150 if he became wholly and permanently disabled before the age of sixty, and one of $750 for permanent partial disability due to accident resulting in the loss of an eye, hand or foot. The statute just quoted is not entirely clear. It is a matter of construction whether the additional benefits of this policy are to be regarded as so connected with or appertaining to making assurance on life as to be within that phrase as there used; whether they are authorized to be included in a life insurance policy as the granting of annuities; and whether they amount to such insurance on health and accident as to require separate policies. But assuming the inclusion of these benefits in a life insurance policy for a single unapportioned premium to have been *ultra vires,* the policy relied on by the defendant was in fact written in that way. A subsequent declaration of validity, after a default but within the time within which payment might have been made, would bear

upon the matter as showing that the state not only made no move to set the contract aside but affirmatively approved it by undertaking its validation. This would involve no impairment of the obligation of the contract. Regardless of the subsequent legislation, however, we hold that in the situation presented a notice of forfeiture, naming the premium stated in the policy, was a sufficient compliance with the provision of the statute requiring the notice of forfeiture of a life insurance policy for nonpayment to state the amount of the premium due.

In her motion the plaintiff also asks for a rehearing on the ground that the first paragraph of the syllabus of the original opinion herein, as the law of the case, is in conflict with the clause of the federal constitution above referred to. This contention has been considered and is held not to be well founded.

The motion for a rehearing is overruled.